**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2159**

MUHAMMAD W.K. ABDUL QADIR,

Plaintiff - Appellant,

v.

LATRELL S. WILSON; DONALD MARTIN; SERGEANT ROY DRAKE; CHERAW CITY POLICE DEPARTMENT; INSURANCE ADJUSTER RODNEY SPAIN; PROGRESSIVE DIRECT INSURANCE; UNKNOWN FEDERAL US POSTAL EMPLOYEES; ATTORNEY DAVID H. MAYBANK; ATTORNEY BRADLEY L. LANFORD; MICHAEL T. COULTER; ATTORNEY RAYMOND D. TURNER; ANDERSON USED AUTO PARTS, all-state, unknown owner; CREDIT COLLECTION SERVICES COMMERCIAL; SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES; JUDGE ROGER HENDERSON; ALAN WILSON, South Carolina Attorney General; UNKNOWN PROCESSORS, All of the above Defendants acting individual capacity as well as co-conspirator of the conspiracy,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:17-cv-02193-TLW)

Submitted: January 22, 2019                          Decided: January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Muhammad W.K. Abdul Qadir, Appellant Pro Se.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Muhammad W.K. Abdul Qadir seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) (2012). We dismiss the appeal as interlocutory and remand for further proceedings.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Because the order Qadir seeks to appeal does not "clearly preclude amendment," Qadir may be able to remedy certain deficiencies identified by the district court by filing an amended complaint. Accordingly, the district court's dismissal order is neither a final order nor an appealable interlocutory or collateral order. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-24 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

We therefore dismiss this appeal for lack of jurisdiction. *Goode*, 807 F.3d at 630. In *Goode*, we remanded to the district court with instructions to allow amendment of the complaint. *Id.* Here, however, Qadir previously, albeit unsuccessfully, attempted to amend his complaint. Accordingly, we direct on remand that the district court, in its discretion, either afford Qadir another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*